DANIEL TANNENBAUM, ESQ.
580 Fifth Avenue, Suite 820
New York, New York 10036
Telephone: (212) 457-1699
*Attorney for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------X
JARLYN ALMONTE, and NODGER RIVOLI
individually, and on behalf of others similarly
situated,

|  |  |
|---|---|
| *Plaintiffs*, | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER**<br>**29 U.S.C. § 216(b) AND RULE 23**<br>**CLASS ACTION** |
| FGNY, LLC, and FIVE GUYS<br>ENTERPRISES, LLC, | **ECF Case** |
| *Defendants*. | |

-----------------------------------------------------X

      Jarlyn Almonte ("Plaintiff Almonte" or "Ms. Almonte") and Nodger Rivoli ("Plaintiff Rivoli" or "Mr. Rivoli") individually and on behalf of others similarly situated, by and through their attorney DANIEL TANNENBAUM, ESQ., and as against FGNY, LLC, AND FIVE GUYS ENTERPRISES, LLC, ("Defendant Corporations") (collectively, "Defendants"), allege as follows:

<u>**NATURE OF ACTION**</u>

      1.    Plaintiffs are former employee of Defendants FGNY, LLC, AND FIVE GUYS ENTERPRISES, LLC.

      2.    Defendants FGNY, LLC, AND FIVE GUYS ENTERPRISES, LLC, own, operate, or control a chain of fast food restaurants.

      3.    Plaintiff Almonte was an employee of Defendants.

      4.    Plaintiff Almonte was primarily employed as a cashier in New York, NY.

      5.    Plaintiff Rivoli was an employee of Defendants.

6.      Plaintiff Rivoli was primarily employed as a general worker in New York, NY.

7.      At times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week without appropriate overtime compensation for the hours worked.

8.      Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

9.      Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §201 et seq. (FLSA), and for violations of the N.Y. Labor Law §190 et seq. and 650 et seq. (the NYLL), overtime wage orders of the New York Commissioner of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, §146-1.6 (herein the spread of Hours Wage Order), and the New York City Fair Workweek Law codified in the New York City Administrative Code Title 20 Chapter 12 N.Y.C. (Admin. Code §§ 20-1271 to 20-1275) and Rules of the City of New York Title 6 Chapter 7 including applicable liquidated damages, interest, attorneys' fees and costs.

10.      Plaintiffs bring this action as a Rule 23 class action and seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

11.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state and city law claims under 28 U.S.C. § 1367(a).

12.       Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district and Defendants operate a facility located in this district. Further, Plaintiffs were employed by Defendants in this district.

13.     Plaintiffs now bring this action for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §201 et seq. (FLSA), and for violations of the N.Y. Labor Law §190 et seq. and 650 et seq. (the NYLL), the New York City Administrative Code Title 20 Chapter 12 et seq. and Rules of the City of New York Title 6 Chapter 7 et seq. including applicable liquidated damages, interest, attorneys' fees and costs.

## **PARTIES**

### *Plaintiffs*

14.     Plaintiff Almonte is an adult individual residing in Bronx County, New York.

15.     Plaintiff Almonte was employed by Defendants FGNY, LLC, AND FIVE GUYS ENTERPRISES, LLC, from approximately August 2023 until on or about December 27, 2023.

16.     Plaintiff Almonte's primary work locations were at 43 West 55th St., New York, NY 10019 and 343 7th Ave. New York, NY 11361.

17.     Plaintiff Nodger is an adult individual residing in Bronx County, New York.

18.     Plaintiff Nodger was employed by Defendants FGNY, LLC, AND FIVE GUYS ENTERPRISES, LLC, from approximately March 2023 until on or about February 12, 2024.

19.     Plaintiff Nodger's primary work location was at 43 West 55th St., New York, NY 11361.

20.     Plaintiffs each consent to being a party plaintiff pursuant to 29 U.S.C. § 216(b) and bring these claims based upon the allegations herein as representative parties of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

### *Defendants*

21.     At all relevant times, Defendants own, operate, or control a fast food restaurant located at 43 West 55th St. New York, NY 10019.

22.     At all relevant times, Defendants own, operate, or control a fast food restaurant located at 343 7th Ave. New York, NY 11361.

23.    Upon information and belief, FGNY, LLC, is a domestic corporations existing under the laws of the State of New York.

24.    Upon information and belief, FIVE GUYS ENTERPRISES, LLC is a foreign corporation existing under the laws of the State of Delaware.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

25.    Defendants operate a national fast food restaurant chain operating in New York State.

26.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

27.    Defendants jointly employed Plaintiffs are Plaintiffs employers within the meaning of 29 U.S.C. 201 *et seq*., the NYLL, the New York City Administrative Code and the Rules of the City of New York.

28.    In the alternative, Defendants constitute a single employer of Plaintiffs.

29.    At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA, New York Labor Law, the New York City Administrative Code and the Rules of the City of New York.

30.    . Defendants had the power to hire and fire Plaintiffs controlled the terms and conditions of employment, and determined the rate and method of compensation in exchange for Plaintiffs' services.

31.    Upon information and belief, in each year from 2018 to 2024, Defendants had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

32.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, upon information and belief numerous items that were used in the facilities on a daily basis are goods produced outside of the State of New York.

33.     Upon information and belief Defendants offer food for human consumption at their restaurant locations.

<em><u>Plaintiffs</u></em>

34.     Plaintiffs are former employee of Defendants.

35.     Throughout their employment, Plaintiffs were paid at times, a non-discretionary secret or mystery shopper bonus pay.

36.     Plaintiffs' overtime pay did not vary when paid the non-discretionary secret or mystery shopper bonus.

37.     Plaintiffs were not paid one and one half their regular rate of pay as required by law on secret or mystery shopper bonus pay-weeks.

38.     For example, Plaintiff Almonte's paycheck dated October 6, 2023, did not adjust her regular and overtime rates of pay to account for the non-discretionary secret or mystery shopper bonus.

39.     Upon information and belief the secret or mystery shopper bonus is part of a nationwide program or policy of Five Guys Enterprises LLC.

<em><u>Plaintiff Jarlyn Almonte</u></em>

40.     Plaintiff Almonte was employed by Defendants from approximately August 2023 until on or about December 27, 2023.

41.     Defendants employed Plaintiff Almonte primarily as a cashier.

42.     Plaintiff Almonte regularly handled goods in interstate commerce, such as food, materials, and other supplies produced outside the State of New York.

5

43.    From approximately August 2023 until on or about December 27, 2023, Plaintiff Almonte's schedule was approximately Wednesday through Sunday 3:30am to 11:30pm.

44.    Occasionally, Plaintiff Almonte would work the opening shift beginning at 7:00 a.m following a night shift.

45.    Occasionally, Defendants would adjust Plaintiff Almonte's work schedule by adding or reducing hours within 14 days, 7 days or 24 hours of the work schedule change.

46.    Throughout her employment, Defendants paid Plaintiff Almonte her wages by direct deposit.

47.    Defendants paid Ms. Almonte at the NYS minimum wage rate.

48.    Defendants did not provide Plaintiff Almonte an accurate statement of wages, as required by NYLL 195(3).

49.    Defendants did not give notice to Plaintiff Almonte in English, and in her primary language, of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

50.    Defendants did not pay uniform maintenance pay to Plaintiff Almonte.

51.    Defendants did not launder required uniforms free of charge and with reasonable frequency, ensure the availability of an adequate supply of clean, properly-fitting uniforms, or inform her individually in writing of such service.

52.    Defendants did not pay Plaintiff Almonte pay premiums for *clopenings* as required by the New York City Fair Workweek Law.

53.    Defendants did not pay Plaintiff Almonte pay premiums for schedule changes as required by the New York City Fair Workweek Law.

54.    Defendants terminated Plaintiff Almonte without just cause in violation of the New York City Fair Workweek Law.

55.    Plaintiff Almonte had worked for greater than thirty days for Defendants.

56.    Plaintiff Almonte had passed her probationary work period.

57.    Plaintiff Almonte did not receive multiple disciplinary warnings.

58.    Plaintiff Almonte did not receive retraining and an opportunity to improve.

59.    Plaintiff Almonte did not receive a written explanation for firing, reduction of hours, or layoff, in violation of the New York City Fair Workweek Law.

Plaintiff <em>Nodger Rivoli</em>

60.    Plaintiff Rivoli was employed by Defendants from approximately March 2023 until on or about February 12, 2024.

61.    Defendants employed Plaintiff Rivoli as a general worker.

62.    Plaintiff Rivoli regularly handled goods in interstate commerce, such as food, materials, and other supplies produced outside the State of New York.

63.    From approximately March 2023 until on or about February 12, 2024, Plaintiff Rivoli's schedule was approximately Tuesday, Wednesday, Thursday and Saturday from 7:00 am to 2:00pm.

64.    Occasionally, Defendants would adjust Plaintiff Rivoli's work schedule by adding or reducing hours within 14 days, 7 days or 24 hours of the work schedule change.

65.    Throughout his employment, Defendants paid Plaintiff Rivoli his wages by check.

66.    Defendants paid Mr. Rivoli at the NYS minimum wage rate.

67.    Defendants did not provide Plaintiff Rivoli an accurate statement of wages, as required by NYLL 195(3).

68.    Defendants did not give notice to Plaintiff Rivoli in English, and in his primary language, of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

69.    Defendants did not pay uniform maintenance pay to Plaintiff Rivoli.

70.     Defendants did not launder required uniforms free of charge and with reasonable frequency, ensure the availability of an adequate supply of clean, properly-fitting uniforms, or inform him individually in writing of such service.

71.     Defendants did not pay Plaintiff Rivoli pay premiums for schedule changes as required by the New York City Fair Workweek Law.

72.     Defendants terminated Plaintiff Rivoli without just cause in violation of the New York City Fair Workweek Law.

73.     Plaintiff Rivoli had worked for greater than thirty days for Defendants.

74.     Plaintiff Rivoli had passed his probationary work period.

75.     Plaintiff Rivoli did not receive multiple disciplinary warnings.

76.     Plaintiff Rivoli did not receive retraining and an opportunity to improve.

77.     Plaintiff Rivoli did not receive a written explanation for firing, reduction of hours, or layoff, in violation of the New York City Fair Workweek Law.

*Defendants' General Employment Practices*

78.     At times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate overtime compensation as required by federal and state laws.

79.     Plaintiffs were a victim of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages owed for the hours worked.

80.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs (and all similarly situated employees).

81.     Defendants failed to provide Plaintiffs with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages;

name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

## FLSA COLLECTIVE ACTION CLAIMS

82.     Plaintiffs bring their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

83.     At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA.

84.     The claims of Plaintiffs stated herein are similar to those of the other employees.

## FEDERAL RULE 23 CLASS ACTION ALLEGATIONS

85.     Plaintiffs sue on their own behalf and on behalf of a class of persons similarly situated under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

86.     Plaintiffs bring their New York Labor Law overtime, uniform maintenance pay, and liquidated damages claims on behalf of all persons who are or were employed by Defendants in the State of New York, on or after the date that is six years before the filing of the complaint in this case, to entry of judgment in this case (the "Class Period").

87.    Plaintiffs bring their New York City premium pay on behalf of all persons who are or were employed by Defendants in the City of New York, on or after the date that is two years before the filing of the complaint in this case, to entry of judgment in this case (the "Class Period").

88.    The persons in the Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, there are approximately over sixty members of the Class during the Class Period.

89.    There are questions of law and fact common to the Class including but not limited to, the following:

- What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked;

- What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of overtime pay for all hours worked;

- Whether Defendants have failed and/or refused to pay Plaintiffs overtime at the premium rate within the meaning of the New York Labor Law;

- Whether Defendants have failed and/or refused to pay Plaintiffs uniform maintenance pay within the meaning of the New York Labor Law;

- Whether Defendants have failed and/or refused to pay Plaintiffs at the premium rates within the meaning of the New York City Fair Workweek Law;

- At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the class members for their work; and

- What are the common conditions of employment and in the workplace, such as recordkeeping, clock-in procedures, breaks, and policies and practices that affect whether the class was paid at overtime rates for overtime work.

90.     The claims of the representative parties are typical of the claims of the class. Plaintiff and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning non-payment of overtime, non-payment of premium pay, and non-payment of uniform maintenance pay. The job duties of the named Plaintiffs are typical of those of the class members.

91.     The representative parties will fairly and adequately protect the interests of the Class and have no interests antagonistic to the class. The named Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

92.     The common questions of law and fact predominate over questions affecting only individual members.

93.     A class action is superior to other available methods for fairly and efficiently adjudicating controversy, particularly in the context of wage and hour litigation, where individual plaintiffs lack the financial resources to prosecute a lawsuit in federal court against corporate defendants vigorously. The damages suffered by individual class members are small, compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

94.     Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole to pay Plaintiff (and the FLSA and Rule 23 Class members) at the applicable overtime rates in violation of 29 U.S.C. § 206(a).

95.     Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 Class members) at the applicable overtime rates is willful within the meaning of 29 U.S.C. § 255(a).

96.     Plaintiffs (and the FLSA and Rule 23 Class members) have been damaged in an amount to be determined at trial.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

97.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

98.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs (and the FLSA Class Members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

99.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

100.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act 29 U.S.C. § 203 (r-s).

101.    Defendants, in violation of the Fair Labor Standards Act. 29 U.S.C. § 203 *et seq.*, failed to pay Plaintiffs' overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

102.    Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of the Fair Labor Standards Act.

103.    Plaintiffs were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

104.     Plaintiffs (and the New York class) repeat and reallege all paragraphs above as though fully set forth herein.

105.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law § 2 and 651. Defendants had the power to hire and fire Plaintiffs, control terms and conditions of employment, and determine the rates and methods of any compensation in exchange for employment.

106.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

107.     Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

108.     Plaintiffs were damaged in an amount to be determined at trial.

## <u>THIRD CAUSE OF ACTION</u>

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

109.     Plaintiffs (and the New York class) repeat and reallege all paragraphs above as though fully set forth herein.

110.     Defendants failed to provide Plaintiffs (and the New York class) with a written notice, in English (or Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main

office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

111.    Defendants are liable to Plaintiffs in the amount of $5,000 each, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

112.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

113.    With each payment of wages, Defendants failed to provide Plaintiffs (and the New York class) with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

114.    Defendants are liable to Plaintiffs in the amount of $5,000 each, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE UNIFORM MAINTENANCE WAGE ORDERS

### OF THE NEW YORK COMMISSIONER OF LABOR

115.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

116.    Defendants failed to pay Plaintiffs (and the New York class) uniform maintenance pay in violation of NYLL §§ 650 et seq. and 12 N.Y.C.R.R. §§ 146-1.7.

117.    Defendants required Plaintiffs (and the New York class) to wear a uniform at work.

118.    Defendants did not launder Plaintiffs (or the New York class) required uniforms, nor did Defendant offer to launder them.

119.    Plaintiffs' (and the New York class) uniforms were issued by Defendants for the express benefit of Defendants and it was a condition of their employment to wear them during each shift.

120.    Defendants did not ensure Plaintiffs (or the New York class) the availability of an adequate supply of clean, properly-fitting uniforms.

121.    Defendants never paid Plaintiffs (or the New York class) any uniform maintenance pay or reimbursement for the cost of maintaining uniforms.

122.    The hourly rate paid by Defendants to Plaintiffs (and the New York class) was either the applicable minimum wage, or a rate that although above the minimum wage was effectively below the minimum wage when calculating the unpaid uniform maintenance pay.

123.    Plaintiffs (and the New York class) were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE FAIR WORKWEEK PROVISIONS OF THE NEW YORK CITY ADMINISTRATIVE CODE AND THE RULES OF THE CITY OF NEW YORK

124.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

125.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the New York City Administrative Code and the Rules of the City of New York.

126.    At all times relevant to this action, Plaintiffs were fast food employees within the meaning of the New York City Administrative Code and the Rules of the City of New York.

127.    Defendants, in violation of the New York City Administrative Code and the Rules of the City of New York failed to pay Plaintiffs (and the New York class) *clopening* premiums for *clopening* shifts worked or schedule change premiums.

128.    Defendants discharged Plaintiffs in violation of the New York City Administrative Code and the Rules of the City of New York.

129.    Defendants did not utilize progressive discipline in discharge of Plaintiffs, did not have a written policy on progressive discipline in effect at the fast food establishment that was provided to Plaintiffs, and did not provide a written explanation to Plaintiffs with the precise reasons for their discharge within 5 days of discharging.

130.    Defendants are liable to Plaintiffs in an amount to be determined at trial together with costs and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Designating this action as a class action of a class of persons similarly situated under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure and designating counsel of record as Class Counsel;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(a)    Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA Class members;

(b)    Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(c)    Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. §216(b);

(d)    Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs and the New York class;

(e)    Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs and the New York class compensation, hours, wages and any deductions or credits taken against wages;

(f)    Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiffs and the New York class;

(g)    Awarding Plaintiffs and the New York class damages for the amount of unpaid overtime compensation, and uniform maintenance pay, under the NYLL as applicable;

(h)    Awarding Plaintiffs and the New York class damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §198(1-b), 198(1-d);

(i)     Awarding Plaintiffs and the New York class liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation, shown to be owed pursuant to NYLL §663 as applicable; and liquidated damages pursuant to NYLL §198(3);

(j)     Declaring that Defendants violated the premium pay and unlawful discharge provisions of, and rules and orders promulgated under, the New York City Administrative Code and the Rules of the City of New York as to Plaintiffs and the New York City class;

(k)     Declaring that Defendants violated the unlawful discharge provisions of, and rules and orders promulgated under, the New York City Administrative Code and the Rules of the City of New York as to Plaintiffs and the New York City class;

(l)     Awarding Plaintiffs and the New York City class damages for the amount of unpaid premium pay under the New York City Administrative Code and the Rules of the City of New York as applicable;

(m)     Awarding Plaintiffs damages for the unlawful discharge provisions of, and rules and orders promulgated under, the New York City Administrative Code and the Rules of the City of New York as applicable;

(n)     Awarding Plaintiffs and the FLSA, NYLL, and NYC Fair Workweek class members pre-judgment and post-judgment interest as applicable;

(o)      Awarding Plaintiffs and the FLSA and NYLL and NYC Fair Workweek class members the expenses incurred in this action, including costs and attorneys' fees;

(p)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q)     All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York
      May 20, 2024

                                  By: /s Daniel Tannenbaum
                                  DANIEL TANNENBAUM, ESQ.
                                  580 Fifth Avenue, Suite 820
                                  New York, New York 10036
                                  Telephone: (212) 457-1699
                                  *Attorney for Plaintiffs*

## Daniel Tannenbaum, Esq.

580 Fifth Avenue, Suite 520
New York, New York 10036
Telephone: (212) 457-1699

April 9, 2024

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                Jarlyn Almonte

Legal Representative / Abogado:    Daniel Tannenbaum, Esq.

Signature / Firma:

Date / Fecha:                April 9, 2024

# Daniel Tannenbaum, Esq.

580 Fifth Avenue, Suite 520
New York, New York 10036
Telephone: (212) 457-1699

April 9, 2024

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Nodger Rivoli

Legal Representative / Abogado:   Daniel Tannenbaum, Esq.

Signature / Firma:

Date / Fecha:                     April 9, 2024